Marcus W. MATHEWS, Petitioner—Appellant,

v.

James SPALDING; Alan G. Lance, Respondents—Appellees.

No. 03–35193.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 17, 2003.

Maureen Laflin, University of Idaho College of Law, Matthew Campbell, Esq., Moscow, ID, for Petitioner–Appellant.

L. LaMont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondents-Appellees.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

### MEMORANDUM *

Marcus W. Mathews appeals from the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court correctly held that the Idaho Supreme Court's disposition of Mathews's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of clearly established federal law as determined by the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

642

Supreme Court. 28 U.S.C. § 2254(d)(1). *See Strickland v. Washington,* 466 U.S. 668, 687, 689–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Idaho Supreme Court properly applied *Strickland* when it found Mathews's trial counsel's performance was not deficient. It was not unreasonable for that court to conclude trial counsel was competent, given that he: (1) investigated the issuance and execution of the search warrant; (2) reasonably concluded that probable cause existed for the search warrant based on his previous experience and direct contact with the issuing magistrate judge; (3) reasonably concluded that the date discrepancy on the search warrant was a clerical oversight not affecting the validity of the probable cause finding; and (4) reasonably decided against further investigation of the date discrepancy given his extensive investigation of the warrant and decision to pursue a motion to suppress evidence on other grounds.

Nor did the district court err in concluding that as of the date Mathews's conviction became final, application of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), to the guilty plea context was not dictated by precedent. We therefore are precluded by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), from granting Mathews relief based upon these due process challenges to his guilty plea. Neither *Teague* exception applies because neither the *Brady* nor *Napue* claim would decriminalize certain conduct or prohibit punishment of certain persons, and they are not watershed rules of criminal procedure. *See Lambrix v. Singletary,* 520 U.S. 518, 539–40, 117 S.Ct.

1517, 137 L.Ed.2d 771 (1997) (explaining *Teague* exceptions); *Teague,* 489 U.S. at 311–12.

The district court correctly ruled that the Idaho Supreme Court's denial of Mathews's *Brady* and *Napue* claims on the merits was neither contrary to nor an unreasonable application of clearly established federal law as it then or now exists.

**AFFIRMED.**